IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| **BRENDA WINT,** | |
| Plaintiff, | |
| | **JURY TRIAL DEMANDED** |
| v. | |
| **THE NEUROSURGICAL GROUP OF CHATTANOOGA, P.C.** | **CIVIL ACTION FILE NO. _____** |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW BRENDA WINT, Plaintiff in the above-styled action and for her Complaint against Defendant, shows the Court as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff Brenda Wint is a resident of LaFayette, Walker County, Georgia.

2.

Upon information and belief, Michel C. Pare, M.D. practiced medicine in July 2009 through a medical association known as The Neurosurgical Group of Chattanooga, P.C., a Tennessee Corporation, with its principal place of business

at 1010 East Third Street, Suite 202, Chattanooga, Hamilton County, Tennessee 37403.

3.

Defendant The Neurosurgical Group of Chattanooga, P.C., may be served pursuant to Fed. R. Civ. P. 4(h) through its registered agent for service, H. Lee Wood, 1010 East Third Street, Suite 202, Chattanooga, Hamilton County, Tennessee 37403.

4.

Jurisdiction is founded upon diversity of citizenship and is based on the provisions of 28 U.S.C. § 1332, this action being one between citizens of this State and a subject of a foreign state.  The amount in controversy, exclusive of interest, costs and damages for prejudgment delay is in excess of Seventy Five Thousand Dollars ($75,000.00).

5.

Venue in this division of this Court is proper pursuant to 28 U.S.C. §§ 90 (a)(3) and 1391(a), and because the location of this Court is the most convenient to the parties, the most convenient to the witnesses, and the most closely associated with the events giving rise to Plaintiff's claims.

## FACTS

6.

At all times relevant hereto, Michel C. Pare, M.D was an employee of The Neurosurgical Group of Chattanooga, P.C. and at the time of the events giving rise to this Complaint was acting within the course and scope of his employment.

7.

Michel C. Pare, M.D is a physician duly licensed under the laws of the State of Georgia.

8.

In July 2009, Dr. Pare assumed and undertook duties and responsibilities as neurosurgeon for Brenda Wint.

9.

In June of 2007, Dr. Pare first evaluated Ms. Wint and diagnosed her with lumbar spinal stenosis, lumbar spondylosis, bulging discs in the lumbar region, and lumbar descending nerve root compression. On July 6, 2007, Dr. Pare performed an interspinous process decompression surgery by inserting an X-Stop device in Ms. Wint's lumbar spine. Ms. Wint experienced initial improvement in her pain symptoms, but after six weeks her symptoms returned. On November 8, 2007, Dr. Pare removed the X-Stop device and performed a laminectomy and an interbody fusion of Ms. Wint's L4-5 vertebrae.

10.

In February of 2008, Ms. Wint continued to experience back and leg pain. Dr. Pare referred Ms. Wint to a pain clinic to be evaluated for placement of a spinal cord stimulator as a treatment for her pain.

11.

From March of 2008 through July of 2009, Ms. Wint was treated at the Hutcheson Pain Management Center. Doctors attempted to treat Ms. Wint's pain with topical and oral medications. These treatments failed to relieve Ms. Wint's pain sufficiently, and doctors recommended that she have a trial of a spinal cord stimulator as per Dr. Pare's original suggestion.

12.

On July 6, 2009, Dr. Christopher Ince of the Hutcheson Pain Management Center implanted a percutaneous trial neurostimulator in the T9-L1 region of Brenda Wint's spine. Ms. Wint experienced some relief of pain following this procedure and was referred back to Dr. Pare for permanent spinal cord stimulator placement.

13.

On July 24, 2009, Brenda Wint had a preoperative evaluation that included lab work, an EKG, and a PA and lateral chest x-ray.

14.

On July 27, 2009, Brenda Wint underwent a procedure to implant a spinal stimulator performed by Dr. Pare.

15.

During the procedure, while Dr. Pare was placing the paddle of the stimulator, he encountered a "tight fit" at what Dr. Pare identified as the T9-10 level. Dr. Pare then states in his operative note that he moved to the T9-8 interspace, where he again had difficultly channeling the electrode through the area; however, Dr. Pare continued and completed the procedure.

16.

After awakening from surgery, Ms. Wint was unable to move her legs and she showed neurological signs of spinal cord damage.

17.

Dr. Pare took Ms. Wint back to the operating room that day and removed the spinal cord stimulator.

18.

On July 28, 2009 an MRI of Ms. Wint's spine revealed multiple thoracic disc herniations, severe spinal stenosis, and spinal cord edema. Ms. Wint was transferred to Erlanger hospital on this same day.

19.

On July 29, 2009, Drs. Kueter and Greer performed surgical decompression the T6-9 levels and fusion of the T6-T10 levels of Ms. Wint's thoracic spine.  She remained at Erlanger Hospital until being transferred to the Shepherd Center on August 12, 2009.

20.

From August 12, 2009 through September 15, 2009, Brenda Wint was admitted to the Shepherd Center for a rehabilitation program.  She was discharged with a diagnosis of incomplete paraplegia requiring a walker to ambulate, neurogenic bowel and bladder, and chronic pain.

21.

At all times material hereto, Dr. Pare was an agent of Defendant Neurosurgical Associates of Chattanooga, P.C. such that the negligence of Dr. Pare may be imputed to Defendant pursuant to the doctrine of *respondeat superior*.

## COUNT ONE
### Allegation of Professional Negligence against Defendant

22.

Plaintiff repeats, realleges, and incorporates by reference, the allegations of Paragraphs 1 through 21 of this Complaint as if repeated herein as Paragraph 22.

23.

Defendant Neurosurgical Associates of Chattanooga, P.C., through its agent Michel C. Pare, M.D., was required and obligated to provide care to Plaintiff Brenda Wint that complied with the standard of care and skill of such persons generally under the same or similar circumstances.

24.

Defendant Neurosurgical Associates of Chattanooga, P.C., through its agent Michel C. Pare, M.D., breached the duty they owed to Plaintiff Brenda Wint by failing to exercise a reasonable degree of care and skill applicable to physicians generally, and such want of care and skill resulted in substantial injury to Plaintiff.

25.

More specifically, Dr. Michel C. Pare failed to exercise that degree of care and skill which would ordinarily have been employed by physicians generally under the circumstances by at least, but not limited to, the following particulars: (1) Dr. Pare, given his knowledge of Brenda Wint's history of spinal stenosis in the cervical an lumbar regions of her spine, failed to properly evaluate Ms. Wint's spine prior to the July 27, 2009 surgery, by means of a CT myelogram or an MRI, to make certain there was no stenosis present in the thoracic region; (2) Dr. Pare caused Brenda Wint's spinal cord to be damaged during the July 27,

2009 surgery by forcing the paddle electrode into her stenotic canal rather than stopping the procedure when he met resistance.

26.

As a direct and proximate result of Defendant's acts and omissions, Brenda Wint suffered an injury to her spinal cord resulting in paraplegia. As a result, Ms. Wint has required extensive medical care, and will continue to require medical care for the remainder of her life. Plaintiff is entitled to recover for these expenses.

27.

As a direct and proximate result of the negligence of Defendant, Brenda Wint has experienced substantial pain and suffering as well as medical expenses and the lost ability to work and labor and earn income for which she is entitled to recover damages.

28.

Defendant is liable to Plaintiff for negligence and malpractice.

29.

As a direct and proximate result of Defendant's professional negligence, Plaintiff Brenda Wint is entitled to an award of special damages in an amount to be shown at trial, and general damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

30.

This is an action for professional malpractice under O.C.G.A. § 51-1-27. Pursuant to O.C.G.A. § 9-11-9.1, attached hereto as Exhibit "A" is the Affidavit of James B. Macon, M.D., an expert medical witness competent to testify in this matter, which sets forth specifically at least one of the negligent acts and omissions which form the basis of Plaintiff's complaint against the Defendant and sets forth the factual basis for such claims as set forth in this Complaint.

WHEREFORE, Plaintiff prays FOR A TRIAL BY JURY, that summons issue, that judgment be entered in her favor and against the Defendant, and that the following relief be granted:

(a) Under Count One, that Plaintiff be awarded special damages in the amount proved at trial, and that she be awarded general damages in an amount to be determined by a jury of her peers, against Defendants, jointly, in excess of Seventy Five Thousand ($75,000.00) Dollars; and

(b) That Plaintiff be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted,
WARSHAUER LAW GROUP, P.C.

By: /s/ Lyle Griffin Warshauer
Lyle Griffin Warshauer
Georgia Bar No. 171941
lgw@warshauerlawgroup.com

        Douglas C. Dumont
        Georgia Bar No. 232680
        dcd@warshauerlawgroup.com

3350 Riverwood Parkway
Suite 2000
Atlanta, GA 30339
(404) 892-4900
(404) 892-1020 fax